IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAMELA DENNIS

    v.                   :  Civil Action No. DKC 26-2112

KELLY TOURS, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this personal injury case is the motion to dismiss for lack of personal jurisdiction and improper venue filed on behalf of both Trinity Tharp and Kelly Tours, Inc. ("Defendants"). (ECF No. 7). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the motion will be granted, although the case will be transferred to the Eastern District of Virginia rather than dismissed.

Plaintiff Pamela Dennis, a resident of Maryland, contends that she was injured in a traffic accident in Arlington, Virginia, when a Kelly Tours bus, driven by Trinity Tharp, allegedly failed to stop at a red light and rear ended her. (ECF No. 3 ¶¶ 1, 4-5). She filed suit in the Circuit Court for Prince George's County, Maryland, and the case was removed by Kelly Tours with the consent of Trinity Tharp on the basis of diversity of citizenship. (ECF No. 1 ¶¶ 1, 6-7). The complaint alleges that Kelly Tours

regularly conducts business in Maryland. (ECF No. 3 ¶ 3). Trinity Tharp is alleged to be a resident of South Carolina. (*Id.* ¶ 2). The motion to dismiss argues that personal jurisdiction is lacking as to both Defendants. Kelly Tours is incorporated in Georgia and has its principal place of business there. It does not operate a business or maintain or lease any property in Maryland. (ECF No. 7, at 5). In response, Plaintiff maintains that Kelly Tours does conduct sufficient business in Maryland to support exercise of personal jurisdiction because it markets multi-day guided motorcoach tours, with at least one including an overnight stay in Maryland. (ECF No. 11, at 5-6). Plaintiff's response does not mention the individual defendant, Trinity Tharp, in its personal jurisdiction argument.

Under the circumstances, it is not necessary to decide whether Plaintiff's allegations suffice to assert personal jurisdiction over Kelly Tours. There is absolutely no basis for asserting personal jurisdiction over the driver, Trinity Tharp. And, when the court lacks jurisdiction over one of the defendants, the court has discretion either to transfer the entire action, or to dismiss the defendant over whom it lacks jurisdiction and retain the case as to the other. *Screen v. Equifax Info. Sys., LLC*, 303 F.Supp.2d 685, 690-91 (D.Md. 2004). Plaintiff requests transfer to the Eastern District of Virginia rather than dismissal, albeit

2

referring to the entire case.  (ECF No. 11, at 6–8).  Defendants declined to reply or otherwise oppose Plaintiff's transfer request.  Transfer is appropriate.

Under 28 U.S.C. § 1406(a), the court may transfer a case to any district in which it could have been brought.  A case "could have been brought" where "both venue and jurisdiction with respect to each defendant [are] proper."  *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F.Supp.3d 916, 935 (E.D.Va. 2017) (quoting *Koh v. Microtek Int'l, Inc.*, 250 F.Supp.2d 627, 630 (E.D.Va. 2003)).  Venue would be proper as to both Defendants in the Eastern District of Virginia, where the accident occurred, because "a substantial part of the events . . . giving rise to the claim occurred" there.  28 U.S.C. § 1391(b)(2).

As for personal jurisdiction, there must be a *prima facie* showing that each defendant would be subject to personal jurisdiction in the transferee forum in accordance with the long-arm statute of the state in which the transferee forum sits and the due process clause of the Fourteenth Amendment. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276–77 (4th Cir. 2009).  The Virginia long-arm statute authorizes personal jurisdiction "over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [c]ausing tortious injury by an act or omission" in Virginia.  Va. Code Ann.

§ 8.01-328.1(A)(3). Plaintiff alleges that Trinity Tharp directly caused her tortious injury in Virginia and did so as an agent of Kelly Tours. (ECF No. 3 ¶¶ 5-6, 22-24). Therefore, both Defendants appear to be subject to personal jurisdiction under Virginia's long-arm statute. The due process clause of the Fourteenth Amendment further limits the exercise of "specific" personal jurisdiction to those instances in which the defendant has minimum contacts with the forum, the cause of action arises out of or relates to those contacts, and the exercise of personal jurisdiction would be reasonable. *See Consulting Eng'rs*, 561 F.3d at 278. Trinity Tharp drove in Arlington, Virginia, and collided with Plaintiff's car there. Kelly Tours conducts business in Virginia, (ECF No. 11-2, at 4-6), and again, Trinity Tharp was allegedly driving as an agent of Kelly Tours at the time of the collision. Thus, it appears on the current record that both Defendants had minimum contacts with Virginia, Plaintiff's claim arises out of those contacts, and the exercise of personal jurisdiction would be reasonable there.

In short, the case could have been brought in the Eastern District of Virginia and will be transferred there. A separate order will follow.

      /s/
DEBORAH K. CHASANOW
United States District Judge

4